PER CURIAM:
The claimant brought this action for damage to his 1990 Volvo automobile which occurred after encountering a hole in a road maintained by the respondent in Fayette County. The Court is of the opinion that the respondent had reason to know of this road defect and makes an award as stated more fully below.
The incident giving rise to this claim occurred on June 22, 1997. The claimant was *38 traveling westbound on Interstate 64 and exited at County Route 15 near Collinsdale to purchase some gasoline. County Route 15 in this area is a two-lane paved road that is low priority in terms of maintenance. The evidence adduced at hearing was that the vehicle encountered a hole on the edge of the road in the vicinity of a Sunoco service station. The vehicle sustained two flat tires and bent rims on the right-hand side as well as damage to the motor mounts. The total cost of repairs was in the amount of $744.70. Evidence from the claimant’s insurance carrier established that the claimant’s applicable insurance deductible was in the amount of $250.00.
The hole was described as approximately two feet long, one-and-a-half feet wide and three to four inches deep. It was located on the edge of the road, approximately seven feet from the center line. The claimant was driving approximately 25 to 30 miles per hour. His wife and son were passengers. The claimant testified that he was unable to avoid the hole because another vehicle was approaching in the oncoming lane and there was no shoulder on the right side of his lane.
Respondent’s evidence established that maintenance on this road was normally performed upon receiving requests or complaints from motorists, and that no complaints had been received regarding this hole prior to the claimant’s accident.
The general rule is that the state is neither an insurer nor a guarantor of the safety of motorists upon its roads. For the respondent to be held liable for defects of this kind, the claimant must prove that the respondent had actual or constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 127 (1985), Hamon vs. Dept. of Highways. 16 Ct. Cl. 127 (196), Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). The Court is of the opinion that a hole of this size would have developed over a significant period of time and that the respondent therefore had reason to know of the defect in the road giving rise to this claim.
In accordance with the finds of fact and conclusions of law as stated herein above, the Court is of the opinion to and does grant an award to the claimant in the amount of $250.00.
Award of $250.00.